IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. ALEXANDER LO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NORTHWESTERN MEDICINE CENTRAL ) <br> DUPAGE HOSPITAL, ) <br> ) <br> Defendant. ) | JURY TRIAL DEMANDED |

## **COMPLAINT**

NOW COMES PLAINTIFF, DR. ALEXANDER LO ("Plaintiff") by and through his attorney Richard J. Gonzalez of the Law Offices of Chicago-Kent College of Law, and for his complaint against DEFENDANT, NORTHWESTERN MEDICINE CENTRAL DUPAGE HOSPITAL, ("Defendant") states as follows:

### **PARTIES AND JURISDICTION**

1. Plaintiff was an employee of Defendant from June 19, 2017 through March 11, 2021.

2. Defendant is a corporation that provides medical services to the general public. At all relevant times, Defendant treated Plaintiff as an employee within the meaning of Title VII of the Civil Rights Act of 1964 42 U.S.C. Sec. 2000 et. seq. (Title VII") in that it exercised an equal degree of control over Plaintiff's day-to-day activities and duties as it did with its other employees.

3. This is an action for damages and equitable relief to redress the deprivation of rights secured to the Plaintiff by virtue of the national origin, race discrimination, and anti-retaliation provisions of Title VII and of 42 U.S.C. Section 1981.

4. Venue is proper in this action inasmuch as Plaintiff was employed by Defendant

within this judicial district and the events or omissions giving rise to the claims occurred within this venue, and venue is proper pursuant to 28 U.S.C. §1391 (b).

5. Plaintiff met all administrative prerequisites to maintenance of this suit in that he timely filed a charge of retaliation with the Equal Employment Opportunity Commission and received a "Right-To-Sue Letter" on October 6, 2021.

**FACTS**

6. On or about June, 2017, Plaintiff, who is Asian, was hired by Defendant as a pharmacist.

7. Plaintiff at all times met or exceeded Defendant's legitimate performance expectations and was never subject to disciplinary measures nor any expressions of dissatisfaction with job performance until the discriminatory events leading to his termination on March 11, 2021.

8. Beginning in September, 2017 and continuing until his termination, Plaintiff was subjected to harassment by both managerial employees and co-employees because of national origin and race.

9. The harassment of one co-employee was particularly severe. The employee would on a regular basis make comments to Plaintiff and to other Asian employees to the effect that the United States was failing by allowing Asian people to immigrate to the United States and was vocal about her belief that it was imperative to keep Asian persons from entering the country. The remarks became more severe after the onset of the pandemic, for which the employee blamed Asian persons.

10. In addition, co-workers made comments ridiculing the appearance of Plaintiff, ridiculing his social life involving dating, and made negative comments about the appearance and sexual anatomy of Asians.

11. Plaintiff complained to Director of the Pharmacy Elaine Rodriguez, pharmacy manager Keith Hickey, and to evening supervisor Arif Garcia management and to human resources representatives on numerous occasions about the discriminatory atmosphere. To Plaintiff's knowledge, no action was taken by management and the harassment continued.

12. Immediately prior to Plaintiff's termination, the discriminatory comments made by a co-employee were especially harsh. Upset by the harassment, Plaintiff left work for the day.

13. After leaving work for the day, Plaintiff learned that the co-employee had falsely alleged to management that Plaintiff had damaged a section of drywall within the office just prior to leaving.

14. Defendant's stated reason for the termination of causing damage to property was pretext for discrimination in that it was false, it was reported by the harassing co-employee, and other employees who have allegedly committed more serious alleged acts were not terminated.

**COUNT I: UNLAWFUL RACE DISCRIMINATION IN VIOLATION OF TITLE VII**

15. Plaintiff repeats and re-alleges Paragraphs 1 - 14 and incorporates the same by reference as though fully set out herein.

16. The foregoing conduct constitutes racial harassment and differential treatment based upon race that created a hostile working environment in violation of Title VII.

17. Defendant's actions were committed willfully and with intent and/or reckless disregard for Plaintiff's federal protected rights.

WHEREFORE, Plaintiff prays that this Court enter an Order providing:

    A. Reinstating Plaintiff into his prior or comparable position;

    B. Compensatory and punitive damages in an appropriate sum;

    C. All attorney fees and costs of this action; and

  D. Such other relief as this Court deems just.

**COUNT II: UNLAWFUL NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII**

18. Plaintiff repeats and realleges Paragraphs 1-17 as though fully set out herein.

19. The foregoing conduct constitutes unlawful national origin discrimination in violation of Title VII.

20. Defendant's actions were committed willfully and intentionally and/or with reckless indifference to Plaintiff's federally protected rights.

WHEREFORE, Plaintiff prays for entry of an Order:

  A.  Reinstating him to his prior or comparable position;

  B.  Awarding all lost wages and the value of lost benefits;

  C.  Awarding compensatory and punitive damages in an appropriate sum;

  D.  Awarding reasonable attorney fees and costs of this action; and

  E.  Such other relief as this Court deems just.

**COUNT III: RETALIATION IN VIOLATION OF TITLE VII**

21. Plaintiff repeats and realleges paragraphs 1-20 as though fully set out herein.

22. Title VII provides that retaliation against employees who have voiced complaints of unlawful discrimination including discriminatory harassment based on race and national origin towards employees is unlawful.

23. Defendant's stated reason for Plaintiff's termination is pretext for unlawful discrimination in that he was treated differently and less favorably than employees who had not voiced concerns of sexual harassment and sex discrimination.

24. In doing so, Defendant acted willfully and intentionally and/or with reckless indifference to Plaintiff's federally protected rights.

25. As a consequence of the unlawful discharge, Plaintiff suffered damages in the form of lost wages and lost benefits, loss of reputation, emotional distress and incidental damages.

WHEREFORE, Plaintiff prays for an Order awarding him:

    A. Reinstatement into his prior or a comparable position;

    B. All lost wages and the value of lost benefits;

    C. Compensatory and punitive damages in an appropriate sum;

    D. All attorney fees and costs of this action, and

    E. Such other relief as this Court deems just.

**COUNT IV: RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. SECTION 1981**

26. Plaintiff repeats and realleges paragraphs 1-25 as though fully set out herein.

27. The forgoing conduct constitutes unlawful race discrimination in violation of 42 U.S.C. Section 1981.

28. Defendant's conduct was willful and intentional and/or reckless indifference to Plaintiff's federally protected rights.

WHEREFORE, Plaintiff prays for an Order awarding him:

    A. Reinstatement into his prior or a comparable position;

    B. All lost wages and the value of lost benefits;

    C. Compensatory and punitive damages in an appropriate sum;

    D. All attorney fees and costs of this action, and

    E. Such other relief as this Court deems just.

**COUNT V: NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF 42 U.S.C. SECTION 1981**

29. Plaintiff repeats and realleges paragraphs 1-27 as though fully set out herein.

30. The foregoing conduct constitutes unlawful national origin discrimination in

violation of 42 U.S.C. Section 1981.

31. Defendant's conduct was willfully and intentional and/or with reckless indifference to Plaintiff's federally protected rights.

WHEREFORE, Plaintiff prays for an Order awarding him:

    A.    Reinstatement into his prior or a comparable position;

    B.    All lost wages and the value of lost benefits;

    C.    Compensatory and punitive damages in an appropriate sum;

    D.    All attorney fees and costs of this action, and

    E.    Such other relief as this Court deems just.

**COUNT VI: RETALIATION IN VIOLATION OF 42 U.S.C. SECTION 1981**

32. Plaintiff repeats and realleges paragraphs 1-31 as though fully set out herein.

33. The foregoing conduct constitutes retaliation under 42 U.S.C. Section 1981.

34. Defendant's conduct was willful and intentional and/or with reckless indifference to Plaintiff's federally protected rights.

WHEREFORE, Plaintiff prays for an Order awarding him:

    A.    Reinstatement into his prior or a comparable position;

    B.    All lost wages and the value of lost benefits;

    C.    Compensatory and punitive damages in an appropriate sum;

    D.    All attorney fees and costs of this action, and

    E.    Such other relief as this Court deems just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

By: s:/Richard J. Gonzalez
Attorney for Plaintiff


RICHARD J. GONZALEZ
Law Offices of Chicago-Kent College of Law
565 West Adams Street, Suite 600
Chicago, Illinois 60661
Tel.: (312) 906-5079
Fax: (312) 906-5299
rgonzale@kentlaw.iit.edu